JUDGE PETERS
delivered the opinion op tiie court:
The language of the statute is very broad, making it lawful for any person to kill, or cause to be killed, any dog which he may find roaming at large on his premises without the presence of the owner or keeper of such dog; and it shall be further lawful for any person at any time to kill,- or cause to be killed, any dog which may be, or may have been, found killing, worrying, or injuring any sheep or lambs; and when any person is sued for the killing of a dog, and bis defense is under this act, he shall be a competent witness to prove the same. (Myers' Supplement,, p. 189.)
*546 Whatever may be the temptations, therefore, to entice a dog from home without the presence of his owner or keeper, even though it be for the propagation of his species, his innocence is no protection to him; if he is found roaming on a neighbor’s premises without the presence of his protector, his life is forfeited, if the owner of the premises on which he is found will exact the penalty, and chooses to execute the sentence. As the excuse alleged for this dog’s absence from home is not inserted in the statute, and made so to operate, the court has no power to give effect to it; and the court below did not err in refusing to permit appellant to prove the existence of the temptation to invite the dog to leave his home.
The instruction to the jury (and there was but one given) is in the language of the statute, and without objection.
Wherefore, the judgment must be affirmed.